MARGARET A. MILLER, APPELLEE, V. NATIONAL COUNCIL,
KNIGHTS & LADIES OF SECURITY, APPELLANT.

FILED NOVEMBER 13, 1922.   No. 22114.

1. **Insurance:** BY-LAWS: VALIDITY.   "A subsequent by-law, legally
   enacted, providing for the forfeiture of a fraternal benefit certifi-
   cate when the death of the member is occasioned by suicide,
   whether sane or insane, is a reasonable by-law and will be up-
   held." *Lange v. Royal Highlanders*, 75 Neb. 188.

2. ————: SUICIDE: PRESUMPTION: REBUTTAL.   Where suicide is
   a defense in an action to recover life insurance, any presump-
   tion arising from the instinct of self-preservation may be over-
   thrown by circumstantial evidence that insured took his own life.

3. **Appeal:** REVERSAL.   Where the finding of the trial court on the
   only issue of fact is clearly wrong in view of all evidential facts,
   the resulting judgment will be reversed on appeal, if the suf-
   ficiency of the evidence is presented for review.

4. **Insurance:** SUFFICIENCY OF EVIDENCE.   In an action on a frater-
   nal beneficiary certificate to recover insurance, the evidence out-
   lined in the opinion *held* insufficient to sustain a finding in
   favor of the beneficiary on the issue of suicide.

APPEAL from the district court for Webster county:
WILLIAM A. DILWORTH, JUDGE.   *Reversed, with directions.*

*A. W. Fulton, Fred Maurer* and *Howard S. Foe,* for
appellant.

*Bernard McNeny, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN and DAY,
JJ., REDICK and SHEPHERD, District Judges.

ROSE, J.

This is an action on a fraternal beneficiary certificate
to recover life insurance in the sum of $1,000.   The certifi-
cate was issued by defendant, a fraternal beneficiary as-
sociation, to Frederick W. Miller, insured, January 11,
1902, who died August 30, 1920, when his insurance was
in force.   His wife was named in the certificate as bene-
ficiary and she is plaintiff.   The defense was suicide, but

in this plea defendant conceded the right of plaintiff to recover on the certificate $281.22, the amount contributed by insured to the benefit fund, and defendant offered to confess judgment therefor. At the close of the testimony each party moved for a peremptory instruction. The trial court overruled the motion of defendant and sustained that of plaintiff. There was a judgment in favor of plaintiff for her claim in full, amounting with interest to $1,036.16. An attorney's fee of $200 was allowed as costs. Defendant has appealed.

Defendant invokes a by-law providing that the insurer is liable only for the amount contributed to the benefit fund by a member who commits suicide. This by-law was passed long after defendant issued insured's certificate. The insurance contract when executed limited the liability of the insurer to one-fifth of the maximum risk in the event of suicide within two years. Insured became a member under an agreement to comply with existing and subsequently enacted by-laws. It is insisted by defendant that the by-law in controversy is a valid enactment binding on the beneficiary. While there is a diversity of judicial opinion in different jurisdictions, this court seems to have expressed the view that such a by-law is reasonable and valid and that it applies to a preexisting certificate. *Lange v. Royal Highlanders*, 75 Neb. 188.

The sufficiency of the evidence to sustain the judgment is the remaining question. From the standpoint that the by-law is valid, the directing of the verdict in favor of plaintiff necessarily included a finding in her favor on the issue of suicide. Is that finding clearly wrong when considered on appeal? On this issue plaintiff adduced no evidence. The testimony of defendant's witnesses is uncontradicted. Insured at the time of his death was 67 years of age. He had lived at Guide Rock, but had left his wife there and remained away about two years, returning to that village a few months before his death. After his return he lamented the loss of his home. In conversation with neighbors he implied a purpose to take his own life.

He declined to work. From time to time he had drawn his savings from a bank. One witness testified to his having recently said that "when his money was gone he was going with it." In addition to domestic troubles and poverty he had been distressed over the war between this country and his native land. Early in the morning, August 30, 1920, his coat, pants and vest, neatly folded, one garment upon another, were found on the floor of the bridge across the Republican river near Guide Rock. His shoes and hat were beside his clothing. In the pocket of his coat was a note in his own handwriting. It contained the statement that he was an old man and that there was no place in this world for an old man without a home. Footprints made by stocking feet in the dust and the dew on the bridge led from insured's clothing to projecting planks above the water outside of the railing. There were traces of blood near the ends of the planks. Insured's body, with his underclothing, hose, shirt, collar and necktie on, was found in the river half a mile below the bridge. In the forehead there was a hole which examining witnesses took for a bullet wound.

In the argument of plaintiff on the sufficiency of the evidence to sustain the finding in her favor, reference is made to the instinct of self-preservation; to death by accident or homicide while insured was preparing for a bath; to failure of searchers to find a firearm in the river beneath the bridge; to the inference that the note was written 10 years prior to the death of insured.

Any presumption arising from the instinct of self preservation was overthrown by undisputed evidence of circumstances indicating suicide. There was nothing to prove accidental death or the violence of any person other than insured. The search for a revolver lasted 20 minutes only in a limited area and was made under difficulties in more than three feet of water while the river was rising. It required a protracted search of the river for half a mile to find insured's body. The search for a firearm was insufficient to show that one had not fallen into the river with

insured or to overthrow the evidence of suicide. The note left by insured was missing at the time of the trial, but several witnesses testified to its contents, though one of them, speaking from memory, said insured gave his age as 57, whereas, at the time of his death, he was 67; this was an obvious error of 10 years. The evidence shows that self-destruction was a recent purpose of insured and there is direct proof that he recently expressed orally what his written statement implied as to such a purpose. The inferences drawn by plaintiff are based on disproved presumptions. All evidential facts which appeal to the reason and convince the judgment point to suicide. There is no reasonable hypothesis in the evidence for any other conclusion. The finding of the district court to the contrary is clearly wrong.

The judgment is therefore reversed, with directions to the district court to enter a judgment in favor of plaintiff at her costs for the amount contributed by insured to the benefit fund, according to the terms of the certificate, the by-laws, and the admission of defendant.

REVERSED.